# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

NEIMAN J. SMITH                                                                PLAINTIFF
ADC #164464

v.                              5:18cv00158-BSM-JJV

SHANNON MCFADDEN, Classification
Officer, Delta Regional Unit, ADC; *et al.*                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Neiman J. Smith ("Plaintiff") is a prisoner in the Maximum Security Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights during three prison disciplinary proceedings. (Doc. No. 2.) For the following reasons, I recommend the case be dismissed without prejudice for failing to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has

raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id.* at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.

3

42 U.S.C. § 1983 (1996).  Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.   ANALYSIS

In March 2018, Plaintiff received three Major Disciplinary convictions for beating an inmate with an unknown object on February 28, 2018 (2018-02-130), beating an inmate with a piece of faucet in a sock on March 1, 2018 (2018-03-001), and writing indecent proposals to a prison official on March 4, 2018 (2018-03-13).  (Doc. No. 2 at 13-18, 28-40, 69-73.)  As punishment for each Major Disciplinary, Plaintiff was confined in punitive isolation for thirty days; his class was reduced; and his commissary, phone, and visitation privileges were suspended for sixty days.  (*Id.*)

#### A.   Fourteenth Amendment Claims

Plaintiff alleges Defendants violated his procedural due process rights in several ways during these disciplinary proceedings.  (Doc. No. 2.)  For instance, Plaintiff alleges Defendants did not conduct a proper investigation, failed to give him confiscation forms, improperly relied on a statement from a confidential witness, and allowed one disciplinary charge to expire before the hearing.  (*Id.*)

Plaintiff had a Fourteenth Amendment right to procedural due process during his

prison disciplinary proceedings only if those proceedings implicated a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff did not have a liberty interest in avoiding confinement in punitive isolation for thirty days. *See Sandin*, 515 U.S. at 482-86; *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 (8th Cir. 1996). Similarly, he did not have a liberty interest in maintaining his classification level or commissary, phone, and visitation privileges. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Phillips,* 320 F.3d at 847*; Kennedy,* 100 F.3d at 642-43; *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). Having no liberty interest at stake, Plaintiff was not entitled to receive any procedural due process protections.

In a similar vein, Plaintiff contends Defendants violated several ADC policies and rules during his disciplinary proceedings. However, prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips,* 320 F.3d at 847; *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997). Accordingly, I conclude Plaintiff has failed to plead a plausible Fourteenth Amendment claim.

B.     **Sixth and Eighth Amendment Claims**

Plaintiff also makes the conclusory allegation, without any supporting facts or legal argument, that his unspecified "6th" and "8th" Amendment rights were violated during his disciplinary proceedings. (Doc. No. 2 at 6-7.) In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the United States Supreme Court explained that "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim. Instead, to state a

plausible claim for relief, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id*. Plaintiff has not done so as to his Sixth and Eighth Amendment claims.

Further, the Sixth Amendment right to counsel does not apply to prison disciplinary proceedings. *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976); *Coleman v. Turner,* 838 F.2d 1004, 1006 (8th Cir. 1988). Likewise, nothing in the Complaint suggests Plaintiff was subjected to cruel and unusual punishment as a result of his disciplinary convictions. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (explaining that, to state a plausible Eighth Amendment claim, a prisoner must have suffered "extreme deprivations" that deny "the minimal civilized measure of life's necessities"); *Phillips*, 320 F.3d at 848 (holding that thirty-seven days in punitive isolation, which included the suspension of contact visitation, exercise privileges, and religious services, was not an Eighth Amendment violation); *Brown v. Nix*, 33 F.3d 951, 952 (8th Cir. 1994) (finding no Eighth Amendment violation when a prisoner received "nine years of administrative segregation for disciplinary infractions"). Accordingly, I conclude Plaintiff has failed to plead a plausible Sixth or Eighth Amendment violation.

### IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. This case be DISMISSED without prejudice.

2. Dismissal be counted as a strike, pursuant to 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying

Judgment would not be taken in good faith.

DATED this 20th day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE